J-S82042-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
      :               PENNSYLVANIA
          Appellee   :
      :
              v.   :
      :
JEVONTE PRESSLEY,   :
      :
          Appellant   :   No. 2726 EDA 2017

Appeal from the PCRA Order June 14, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004653-2013

BEFORE:    LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED MARCH 21, 2019**

Jevonte Pressley (Appellant) appeals from the June 14, 2017 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We vacate the order and remand for further proceedings consistent with this memorandum.

By way of background, on May 13, 2014, a jury convicted Appellant of various crimes stemming from a robbery of a 7-Eleven store in 2013. On August 13, 2014, Appellant was sentenced to consecutive terms of 62 to 180 months of incarceration for robbery, 42 to 174 months for robbery of a motor vehicle, and 12 to 42 months for possessing an instrument of crime. No further penalty was imposed for Appellant's receiving stolen property convictions. Appellant filed a notice of appeal, challenging whether the search warrant that led to his arrest was supported by probable cause. This

---

*Retired Senior Judge assigned to the Superior Court.

Court rejected his claim of error and affirmed his judgment of sentence on September 15, 2015. *Commonwealth v. Pressley*, 133 A.3d 70 (Pa. Super. 2015) (unpublished memorandum). Appellant did not seek further appellate review.

Appellant *pro se* timely filed a PCRA petition on October 28, 2015, challenging the ineffectiveness of his trial counsel for failing to challenge the scope of the warrant, insomuch as the warrant was issued for an entire rental complex as opposed to Appellant's specific dwelling. Over a year passed before the PCRA court finally appointed Christopher J. Evarts, Esquire, to represent Appellant on January 25, 2017.[1] In lieu of filing an amended petition, Attorney Evarts filed a letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) on April 11, 2017. On May 23, 2017, the PCRA court filed a notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. On June 14, 2017, the docket indicates that the PCRA court dismissed Appellant's petition and permitted Attorney Evarts to withdraw, but no separate order to that effect appears in the certified record.

[1] In the meantime, Appellant made multiple inquiries to the PCRA court regarding the status of the appointment. There is no explanation in the record for the lengthy delay in appointing counsel. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." *Commonwealth v. Renchenski*, 52 A.3d 251, 260 (Pa. 2012).

Following the docket entry noting the dismissal of the petition, a handwritten letter from Appellant to the PCRA judge appears in the record, wherein Appellant lists the docket number and informed the court that he never received a copy of Attorney Evarts's *Turner/Finley* letter and did not have an opportunity to respond to the letter.[2] Letter to Judge Foglietta, 6/19/2017, at 1. Appellant also informed the court that he did not receive a copy of the order dismissing the petition and claimed the only reason he knew that his petition was dismissed was because he happened to check his docket. *Id.* Appellant averred that Attorney Evarts had failed to communicate with him and effectively had abandoned him. *Id.* Appellant closed by stating that he wished to appeal the decision dismissing his petition. *Id.*

On June 23, 2017, Appellant filed a second *pro se* PCRA petition, raising similar allegations as his first petition.[3] On August 15, 2017, the PCRA court appointed Peter Levin, Esquire, to represent Appellant. Two

---

[2] A second letter from Appellant addressed "to whom it may concern" was docketed on the same date containing similar averments. Letter to Whom it May Concern, 6/19/2017, at 1.

[3] The PCRA court ultimately dismissed this petition as prematurely filed due to this pending appeal in accordance with *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000) (holding a subsequent PCRA cannot be filed until the resolution of review of pending PCRA petition by the highest state court in which review is sought, or upon expiration of the time for seeking such review).

- 3 -

days later, on August 17, 2017, Appellant filed *pro se* a notice of appeal from the June 14, 2017 order dismissing his PCRA petition.[4]

Before we address the substantive issues raised by Appellant, we must determine whether Appellant timely filed his notice of appeal.[5] **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that the timeliness of an appeal impacts our jurisdiction). Rule 902 requires a notice of appeal to be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 902(a). Appellant's August 17, 2017 notice of appeal was filed 62 days after the docket reflects the PCRA court's dismissal of the PCRA petition. By order dated August 31, 2017, this Court issued a rule to show cause as to why Appellant's appeal should not be quashed as untimely filed. Attorney Levin filed a written response on Appellant's behalf, indicating Appellant contends he was abandoned by Attorney Evarts, never received notice of the dismissal from the PCRA court, and wrote a letter to the PCRA court within the appeal

---

[4] Appellant was represented by Attorney Levin at the time he filed the August 17, 2017 notice of appeal. While hybrid representation is generally prohibited, the right to appeal is protected by our Constitution; therefore, courts must docket a *pro se* notice of appeal even if the appellant is represented by counsel. **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

[5] Both Appellant (through Attorney Levin) and the PCRA court complied with Pa.R.A.P. 1925. The PCRA court did not address the merits of Appellant's claims in its Pa.R.A.P. 1925(a) opinion, and instead opined that Appellant's appeal should be quashed for being untimely filed. **See** Trial Court Opinion, 4/10/2018, at 1-2.

period stating that he wished to appeal the order dismissing his PCRA petition. Response to Rule to Show Cause, 9/11/2017, at ¶¶ 5-6.

Under the circumstances presented here, we decline to quash Appellant's appeal.[6] First, we hold that the clerk of courts should have treated Appellant's June 19, 2017 letter indicating his desire to appeal the June 14, 2017 order as a notice of appeal and forwarded it to this Court. Appellant listed the docket number and indicated his desire to appeal the dismissal of his PCRA petition. **See** Pro se Letter, 6/19/2017, at 1 ("If my PCRA petition is no longer in your court or lower court period I would like to say for the record that I wish to appeal your decision.") (capitalization altered). Although Appellant's pro se letter does not appear in the same form as required by Rule 904, "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]" Pa.R.A.P. 902; **see also** Pa.R.A.P. 905(b) (requiring the clerk of courts to "immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal"); **Commonwealth v. Williams**, 106 A.3d 583, 588-89 (Pa. 2014) (holding the clerk of courts is "obligated to accept and process notices of appeal upon receipt in accordance with the Rules of Appellate Procedure, notwithstanding any perceived defects therein").

---

[6] We note that due to the procedural defects discussed infra, the Commonwealth does not challenge the timeliness of Appellant's appeal. Commonwealth's Brief at 7.

Second, even setting aside Appellant's June 19, 2017 letter indicating his desire to appeal, we would deem his August 17, 2017 notice of appeal to be filed timely. "In a criminal case, the date of entry of an order [that triggers the appeal period] is the date the clerk of courts enters the order on the docket, **furnishes a copy of the order to the parties**, and **records the time and manner of notice on the docket**." *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (emphasis added). The rules of criminal procedure require prompt service of "any order … on each party's attorney, or the party if unrepresented." Pa.R.Crim.P. 114(B); *see also* Pa.R.Crim.P. 114(C)(2) (requiring docket entries to contain the date of receipt in the clerk's office of the order, the date appearing on the order, and **the date of service of the order**); Pa.R.Crim.P. 907(4) (requiring PCRA court to issue promptly order dismissing PCRA petition without a hearing, which advises "the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed"). Our review of the docket discloses no indication that the clerk furnished a copy of the June 14, 2017 order to Appellant, who by virtue of the order was now unrepresented. Thus, even if Appellant had not filed his handwritten notice of appeal on June 19, 2017, his August 17, 2017 notice of appeal would have been timely filed because "the period for taking an appeal was never triggered." *Jerman*, 762 A.2d at 368.

Having determined that Appellant's appeal was filed timely, we may now turn to the issues Appellant presents on appeal. First, we address Appellant's challenge to Attorney Evarts's compliance with **_Turner/Finley_**, and Appellant's related challenge to the PCRA court's decision to permit Attorney Evarts to withdraw. Appellant's Brief at 21-26. Appellant contends that Attorney Evarts failed to comply with the **_Turner/Finley_** procedure because his letter did not explain or analyze why Attorney Evarts believed there were no issues of merit in the case. **_Id._** Moreover, Appellant avers that Attorney Evarts failed to serve a copy of the letter on Appellant, did not file a motion to withdraw, and did not inform Appellant he had the right to proceed with newly-obtained counsel or *pro se*. **_Id._** He also argues that the PCRA court erred by permitting Attorney Evarts to withdraw based upon Attorney Evarts's failure to comply with the **_Turner/Finley_** procedure and the PCRA court's failure to conduct its own analysis of the merits and delineate its reasons as to why Appellant's petition lacked merit. **_Id._**

Although there is overlap between the claims, a claim that a PCRA court erred as a matter of law in permitting PCRA counsel to withdraw is distinct from a claim that PCRA counsel was ineffective. **_See Commonwealth v. Rykard_**, 55 A.3d 1177, 1184 (Pa. Super. 2012). Whether PCRA counsel and the PCRA court complied with the mandates of **_Turner_**/**_Finley_** is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. **_Id._** at 1183–84.

An indigent PCRA petitioner has a rule-based right to counsel for a first PCRA petition. Pa.R.Crim.P. 904(C). Counsel has a duty either to (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner/Finley**. **Commonwealth v. Cherry**, 155 A.3d 1080, 1082-83 (Pa. Super. 2017). This Court has stated that **Turner/Finley** requires counsel to review the case zealously and subsequently

> submit a "no-merit" letter to the trial court … detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter[]; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request ….
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the [PCRA court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

In the instant case, following his appointment to represent Appellant, Attorney Evarts sent a no-merit letter to the PCRA court, which was filed on the docket. *See generally Turner/Finley* letter, 4/11/2017. He did not file a separate petition or motion to withdraw. Instead, he states in the letter that because he "[found] no merit in [Appellant's] allegations" and is "unable to file [an] amended petition on [Appellant's] behalf," he was "ask[ing] to withdraw as counsel." *Id.* at 2 (numbering supplied). Regarding his review of the case, he states that he "reviewed the quarter sessions file notes of testimony and corresponded with [Appellant]." *Id.* at 1.

The only mention of any issue that Appellant wanted to have reviewed is a generic reference to Appellant's claim that "his counsel was ineffective;" elsewhere, the letter also states "[t]he defendants [*sic*] argument was that [the] stolen car that was located on a rear driveway at his home at 2525 South Massey St[reet], did not give the police the right to search the house where he lived." *Id.* at 2.

In comparing the *Turner/Finley* letter to the *pro se* petition, it is clear that Attorney Evarts does not accurately represent the issues Appellant desired to raise. Appellant is very specific in his *pro se* petition, handwriting the following issues:

> If a house is zoned as a "multi[-]family" dwelling[,] can law inforcement [*sic*] request a search warrant for a whole home not specifing [*sic*] where to search such as [apartments] or rooms?
>
> Isn't it ineffective [assistance of] counsel if pretrial, trial, [and] sentencing lawyer doesn't file a motion to dismiss evidence based on previous question?
>
> Is "2525 Massey St Phila PA 19142" an acceptable description of premises to be searched if multi[-]family dwelling is known as zoning description before the search warrant [and] affidavit was requested?

*Pro se* PCRA Petition, 10/28/2015, at 6 (capitalization altered). Appellant's issues are expressed in a layperson's terms, but he clearly conveys that the specific legal issue he wished to challenge is whether his pre-trial counsel rendered ineffective assistance to him by failing to file a motion to suppress the evidence recovered in his home based upon a search warrant that listed an address for a multi-dwelling unit instead of Appellant's specific apartment. ***See id.*** Attorney Evarts's ***Turner/Finley*** letter, on the other hand, lists the issue more generically as whether finding the stolen car in the driveway of 2525 Massey Street permitted the police to search his apartment. ***See Turner/Finley*** letter, 4/11/2017, at 2.

To the extent Attorney Evarts comprehended the issue Appellant wished to present, his analysis of such issue falls short of what is required by PCRA counsel. Most of the letter consisted of boilerplate law regarding the PCRA that was not specific to Appellant's case. ***See id.*** at 1-4. The

- 10 -

closest the letter comes to explaining why and how Appellant's issue lacks merit is the following passage:

> The search warrant was valid and during the search of the premises, the clothes he was wearing on the video of the robbery were found[.  N.T., 5/12/2014, at 30.]
>
> A search warrant is properly issued on the place to be searched if it is connected to the crime.  Commonwealth vs. Crawford 466 A 2nd 1079 (1983) [*sic*]

***Turner/Finley*** letter, 4/11/2017, at 3.

Simply stating that the search warrant was valid is conclusory. Further, what was found **after** the warrant was executed has no bearing on whether the warrant was sufficient in the first place.  The second sentence is the closest Attorney Evarts gets to explaining how and why he believes Appellant's issue lacks merit, but it still falls short, as he fails to apply the cited case to the facts of Appellant's case.  We conclude that based upon Attorney Evarts's failure to advance Appellant's claim or certify its lack of merit, Appellant was deprived "of the opportunity of legally trained counsel to advance his position in acceptable legal terms."  ***Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003).

Further exacerbating the situation, there is no indication in this letter or elsewhere in the record that Attorney Evarts ever sent a copy of the ***Turner/Finley*** letter to Appellant.  Moreover, it does not appear that Attorney Evarts ever advised Appellant of his right to proceed *pro se* or by new counsel.

Despite Attorney Evarts's failure to review anything other than some unspecified notes of testimony, his failure to file a separate petition to withdraw, his misrepresentation of the issue Appellant desired to present, his lack of explanation regarding how and why he believed Appellant's issue lacked merit, his failure to send a copy of the letter to Appellant, and his failure to advise Appellant of his right to proceed *pro se* or with new counsel, the PCRA court permitted Attorney Evarts to withdraw. Furthermore, although the PCRA court states in its Rule 1925(a) opinion that it conducted its own independent review of the record of the merits of the case before permitting Attorney Evarts to withdraw, it provided no indication that it did so prior to dismissing Appellant's petition. As explained *supra*, the PCRA court failed to enter a written order dismissing Appellant's petition; *ergo*, the record is silent as to the PCRA court's analysis and conclusions prior to dismissing Appellant's petition.

Thus, based on the foregoing, we conclude that Attorney Evarts did not satisfy the requirements of ***Turner/Finley***,[7] and therefore, the PCRA court erred in permitting Attorney Evarts to withdraw.[8] Accordingly, we

---

[7] Due to the errors identified *supra*, the Commonwealth "does not oppose a remand to ensure counsel['s compliance] with the requirements of [***Turner/***]***Finley***." Commonwealth's Brief at 8.

[8] While ordinarily the effectiveness of PCRA counsel may not be raised for the first time on appeal, ***see Commonwealth v. Henkel***, 90 A.3d 16 (Pa. Super. 2014), in this case Appellant never had the opportunity to challenge counsel's withdrawal before the PCRA court. Because he was not advised of
*(Footnote Continued Next Page)*

vacate the PCRA court's order dismissing Appellant's petition, and direct the

PCRA court on remand to appoint new counsel.[9]   New counsel must either

*(Footnote Continued)* ――――――――――

counsel's request to withdraw and counsel's assessment that his case lacked merit, Appellant had no opportunity to respond to the request and no-merit assessment as contemplated by our case law.  ***See Wrecks***, 931 A.2d at 721.

   Similarly, Appellant had no opportunity to challenge the PCRA court's intent to dismiss his petition pursuant to Rule 907.  ***See*** Pa.R.Crim.P. 907(1) (requiring the PCRA court to "give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal;" further requiring the PCRA court to provide the defendant with an opportunity to respond within 20 days).  Although the Rule 907 notice lists Appellant amongst the recipients upon whom the court served its Rule 907 notice, Appellant's address is absent.  Appellant contends that he did not have an opportunity to respond in writing to the Rule 907 notice.  ***See*** Letter to Judge Foglietta, 6/19/2017, at 1 ("I was unable to respond when you filed your dismissal notice (within 20 days) on 5/23/17."); Letter to Whom it May Concern, 6/19/2017, at 1 ("Judge Angelo Foglietta never sent me a notice of dismissal of my PCRA [and] allowed me to respond in writing [*sic*].") (capitalization altered).  Even if Appellant was served with the Rule 907 notice, the notice simply states that Appellant had 20 days to respond, but because Appellant had not been provided with the ***Turner/Finley*** letter, he had no indication at that point that Attorney Evarts would not be responding on his behalf.

   Therefore, "Appellant was denied the opportunity to advocate for himself as to his claims and counsel's compliance with ***Turner*** and ***Finley*** before the PCRA court ruled that the petition lacked merit and allowed counsel to withdraw."  ***Commonwealth v. Bush***, 197 A.3d 285, 288 (Pa. Super. 2018) (declining to find waiver based upon Bush's failure to object to counsel's deficient ***Turner/Finley*** notice or the PCRA court's dismissal of his petition where Bush was not properly advised of his right to respond to counsel's motion to withdraw and the docket did not reflect when or if the PCRA court served its Rule 907 notice upon Bush).

[9] This case's posture is unusual insomuch as the PCRA court appointed counsel to represent Appellant in his second PCRA petition.  Although that petition was dismissed, Attorney Levin currently represents Appellant on
*(Footnote Continued Next Page)*

file an amended PCRA petition or a proper no-merit letter addressing the claims Appellant wishes to raise. **Commonwealth v. Glover**, 738 A.2d 460, 465 (Pa. Super. 1999). If the PCRA court subsequently intends to deny relief without a hearing, it must issue a notice pursuant to Pa.R.Crim.P. 907(a) explaining the reasons for its dismissal, and it must serve the notice upon Appellant in accordance with Pa.R.Crim.P. 114. In the event new counsel seeks to withdraw, the PCRA court must ensure counsel's substantial compliance with **Turner/Finley** procedure, and conduct its own independent review of the merits before dismissing Appellant's petition *via* an order entered in full compliance with Pa.R.Crim.P. 114.[10]

Order vacated. Remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

*(Footnote Continued)* ———————————

appeal. The PCRA court is free to appoint Attorney Levin to represent Appellant on remand.

[10] Based upon our disposition, we need not address Appellant's remaining two issues.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/21/19